# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                )
                                      )
MARK T. HAZELTON and                  )         CHAPTER 12
SARAH R. HAZELTON                     )
                                      )
           Debtors                    )         Case No. 19-01537 RNO
                                      )

## FIRST AMENDED CHAPTER 12 PLAN

    1.    Debtors filed the within Chapter 12 on April 12, 2019.

    2.    Debtors own real estate located at 339 Seymour Hill Road, Mansfield, Tioga County, PA. That property encumbered is the primary residence. There are various liens and judgments against the residence. Debtors are entitled to their exemption as the primary residence. In order of priority, the liens are:

    a) Northwest Savings Bank, 100 Liberty St, Warren, PA. First Position, $136,746.50 on real estate of $172688.60. There is a UCC-1 filed to this claim. NW has first position with original mortgage of $111,746 and third position of $25,000 approximately

    b) Farm Service Agency, 50 Plaza Lane, Wellsboro, PA. Second position, $214,096.00 on real estate of $172,688.00. $202,173.50 are secured

    c) Farm Service Agency, 4rd position (without any equity) $30,983.00 but likely no equity.

    d) Spector, Gadon and Rosen, PC, 1635 Market Street, 7th Floor, Philadelphia PA 19103. Judgment of $68.660.35, against Mark Hazelton only. Likely there is no equity. This is a judgment entered in Philadelphia Court of Common Please. Spector has filed a motion seeking that the debt be declared non-dischargeable.

    3.    There is approximately $160,531.11 in unsecured creditors, not counting Judgment or Lien Creditors unsecured by any equity.

    4.    Mark Hazelton has the CNH loan on the NH FP230 Harvester, and both debtors are on the Ally Auto loan for the 2015 Chevy Traverse. Ally has agreed to

resolve the auto loan outside of the plan as only 7 payments remain. Approximately $19,800 remains on the CNH Harvester loan. FSA also maintains a lien on the CNH Harvester via UCC-1 filed in Harrisburg.

     5.    Currently, the farm is providing income to the household, and debtors are making combined payments of $2,500 monthly to the Trustee, Northwest's escrow account, and Ally. The Northwest escrowed insurance policy also covers the farm livestock, buildings, and equipment to the benefit of all creditors. Last year at this time, the debtors were not able to make these payments due to the farm's lack of livestock production stemming from a complete lack of quality feed. Sarah Hazelton's job as a school teacher continues to be approximately $40000 a year at best. Debtors believe that the farm will be able to sustain full payments outlined in the Amended by Plan by no later than September of 2020, and likely by June of 2020. Milk cow numbers and feed in the silos should be at ideal operating capacity by September 2020 barring another generational weather event such as the historical rain levels seen the last two springs.

     6.    Debtors are currently in litigation regarding the issue of non-dischargeability of attorney's fees and related costs. Specifically, the Spector law firm objected to transfer of assets to Sarah Hazelton. Debtors dispute this. Significant counterclaims exist also in Philadelphia common pleas court, which dismissed SGR's summary judgment regarding the claims and counterclaims. The case would have gone to trial but for this filing

     7.    Property taxes and insurance policies are current.

     8    Debtor proposes to pay a total $3185.14 monthly to creditors over 60 months to be split to all parties as follows

a) Loans with secured creditors termed out as allowed under Chapter 12 as follows
   a. Northwest mortgage of $111,746 at 6% interest 30 year term $669.97
   b. Northwest equity of $25,000 at 3.5% and 30 year term $112.26
   c. FSA $214,096 at 3% and 30 year term $902.64
   d. FSA $30,983 at 3% and 30 year term $130.63
   e. CNH $19,800 at 4% and 5 year term $364.65

b) The Spector Firm, as settlement, will be paid $400 monthly 5 year term which shall constitute payment in full

c) Unsecured creditors not otherwise provided for will receive $100 monthly for 5 years

d) $505 a month will be paid into an escrow account to Northwest Bank (claim 5-1).

e) Debtors shall make remaining payments on Traverse to Ally

f) Debtor must address the EQUIP contract with NRCS. The Farm needs to complete the NRCS contract to bring farm into compliance with state and federal environmental laws as well as to adhere to contractual liability of the contract. NRCS contract be held in escrow through duration of bankruptcy and fulfilled post bankruptcy or earlier if farm profits permit. US government is holding $280,000 in escrow account earmarked for the environmental impact Hazelton Contract. The Hazeltons will need to come up with $75,000 in matching funds for this to happen. This will have to be addressed during the plan's pendency from additional profits, asset liquidation post completion of the Chapter 12 Plan, etc.

g) All attorneys fees shall be paid by the debtors, with fees to be paid on a regular basis either from payments to the trustee or directly from the Debtors.

h) The Chapter 12 Trustee is to be paid from the plan payments. Debtors have paid to the trustee the sum of $3600 already.
i) The Debtors' ability to make the prescribed Plan payments is based directly off the five year historical average from the provided tax returns, which is the gold standard for determining repayment capacity in the agriculture sector.

j) Should secured debtors not confirm the Chapter 12 Plan, the Debtors reserve the right to convert to a Chapter 7. Under Chapter 7, secured creditors likely lose substantially versus the Chapter 12 Plan as the Debtors will take their residential credit equity and auction services will demand 10-15% premiums. Projected losses to the secured creditors under Chapter 7 are as follows:
    Northwest loss of $46,000
    Farm service loss of $80,000
    Spector firm loss of $68,000
k) Debtors shall be permitted to make 75 % payments the first year with an increase of 125% payments the second year should economic conditions allow.

Wherefore, it is in the best interest of all creditors and particularly the secured creditors that this Amended Chapter 12 Plan be confirmed.

Respectfully Requested,

s/Mitchell A. Sommers
Mitchell A. Sommers, Esquire
Attorney for Debtors
Attorney I.D. No. 38505
107 W Main Street
Ephrata, PA 17522
717-733-6607

Date: January 27, 2020